# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIR MAJIKE BEY,** | : | Civil No. 1:12-CV-1531 |
| | : | |
| Petitioner, | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I.      Introduction

One of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court is that the prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The instant case presents a model of an unexhausted petition, since the petitioner, Amir Majike Bey, seeks federal habeas corpus review of two cases, one of which was never received any post-conviction review in the state courts, and the second of which has not yet been fully adjudicated at trial.

In light of the fact that this is undeniably an unexhausted federal habeas corpus petition, the question before this court is how best to address what is currently a premature and procedurally flawed petition. For the reasons set forth below, it is

recommended that this petition be dismissed without prejudice to renewal of the petition once the petitioner has properly exhausted his state remedies.

## II. Statement of Facts and of the Case

With respect to this petition, Majike Bey alleges that he is a "Moorish American, national, aboriginal native, natural person, jus sanguinis and in propria persona sui juris." (Doc. 1.) According to Majike Bey, is he being prosecuted in the Court of Common Pleas of Union County in two cases, Commonwealth v. Majike Bey, No. CP-60CR-274-2010, and Commonwealth v. Majike Bey, No. CP-60CR-181-2012.[1] Majike Bey's petition complains that he was prosecuted in these cases "despite not being indicted for commiting a crime", and alleges that this conduct violates the Fifth Amendment to the United States Constitution, the Pennsylvania Constitution, as well as various international treaties and conventions adopted by the United Nations. On the basis of these otherwise unadorned allegations Majike Bey seeks the dismissal of these two state criminal cases.

Notably absent from Majike Bey's petition is any recital that the petitioner has exhausted his state legal remedies with respect to these claims under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. In fact, the dockets in these two state cases affirmatively reveal that Majike Bey's federal habeas

---

[1]The Common Pleas Court dockets of these two cases are attached as Exhibit A to the Report and Recommendation.

corpus petition presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly presented and preserved in the state courts.

Thus, with respect to the case of <u>Commonwealth v. Majike Bey</u>, No. CP-60CR-274-2010, the docket reveals that the petitioner was convicted in this case in July of 2011 of charges of resisting arrest, disorderly conduct, and providing false identification to police. However, the docket also reflects that Majike Bey never appealed this conviction or filed for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. Instead, the docket simply shows that, following his conviction, Majike Bey has been the subject of probation revocation proceedings. As for <u>Commonwealth v. Majike Bey</u>, No. CP-60CR-181-2012, the court docket discloses that Majike Bey is facing trial in this case on resisting arrest charges, but indicates that these charges remain pending and unadjudicated at present.

Thus, in neither of these cases has Majike Bey fulfilled his legal duty to exhaust his state remedies before proceeding to federal court. Since the petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we submit that this petition is subject

to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

II. **Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is

a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that

a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

When presented with a plainly unexhausted petition, like Majike Bey's petition, the court has several courses available to it. First, the court can dismiss the petition without prejudice, so that the petitioner can either return to state court and totally exhaust his claims, or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982). This total exhaustion approach facilitates the important goals of federalism and comity that are essential to the exhaustion rule, and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court.

However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005). Yet, while granting a stay and abeyance is an available procedure, it is not a preferred course of action in these cases. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d. Cir.2009).

In this case it is evident that the exhaustion doctrine applies to this case since this federal habeas petition clearly contains legal claims which have not exhausted in

state court. Given the identity of issues in these two pending cases, Majike Bey's federal pleading is the very model of an unexhausted petition which the court ordinarily should dismiss without prejudice, so that he can either return to state court and totally exhaust these claims, or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982).

Nor can Majike Bey avoid this outcome by arguing that exhaustion of these state remedies on his part should be excused due to the futility of exhausting those state remedies. Because of the strong policies favoring exhaustion of state remedies, petitioners who seek to be excused from this requirement must make an exacting showing. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. See 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16(1982). Exhaustion, however, is not a jurisdictional matter but a matter of comity. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir.1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. Id.; 28 U.S.C. § 2254(b)(1)(B). We have held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required. Story, 26 F.3d at 405 (noting that this burden is "difficult to meet").

Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).

In defining what type of delay constitutes an "inexcusable or inordinate delay" which may justify excusing the exhaustion requirement, the courts have looked at delays of years, not months. Thus, as the appellate court has explained:

> We stated in Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution. Id. This, we found, excused the petitioner's failure to exhaust his state court remedies. Id. at 356. The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of 27 month delay). See, e.g., Coss v. Lackawanna County Dist. Att'y, 204 F.3d 453, 460 (3d Cir.2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir.1994) (nine year delay).

Here, the state courts have consistently endeavored to promptly address Majike Bey's cases. Therefore, we cannot say that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable," Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), and Majike Bey has not provided sufficient justification or excuse for this failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is

plainly prescribed by law. Therefore, Majike Bey's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed.

Neither can Majike Bey sustain a habeas corpus petition in his pending state case, Commonwealth v. Majike Bey, No. CP-60CR-181-2012, by arguing that, as a state pre-trial detainee, he is entitled somehow to avoid the statutory exhaustion requirements of §2254 by simply casting his petition as a habeas corpus petition under 28 U.S.C. §2241. These efforts are ultimately unavailing since it is clear that §2241 imposes its own exhaustion requirements upon state prisoners, who seek to avoid the exhaustion mandated by statute under §2254. As this court has previously noted, while:

> It is under this section [§2241] that district courts have jurisdiction to issue a writ of habeas corpus before judgment is rendered in a state court proceeding. See Moore v. DeYoung, 515 F.2d 437, 442 & n. 5 (3d Cir.1975); see also Paladino v. King, 247 Fed. Appx. 393, 394–95 (3d Cir.2007) (challenges to pretrial incarceration are properly pursued in a § 2241 petition) (nonprecedential). Although a petitioner is authorized to seek pre-conviction habeas relief, he still is required to exhaust state court remedies before filing a federal habeas petition. It is well-settled in the area of *post-conviction* habeas relief that, as mandated by 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas relief must demonstrate that he or she "has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Evans v. Court of Common Pleas, Delaware Cty., Pa., 959 F.2d 1227, 1234 (3d Cir.1992), cert. dismissed 506 U.S. 1089, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993). Although 28 U.S.C. § 2243(c)(3) does not set forth

an exhaustion requirement for petitioners seeking *pre-conviction* habeas relief, an exhaustion requirement has developed through decisional law. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir.1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law ... as to claims brought under 28 U.S.C. § 2241.") (citing Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)); see also Moore, 515 F.2d at 442 ("although there is a distinction in the statutory language of ss 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.1992), cert. denied, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir.1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990) (internal citations omitted). Where state court remedies are unexhausted, as recognized by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1981), "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir.1992). It is only when the circumstances demonstrate that a petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. See Dombrowski v. Pfister, 380 U.S. 479, 482–83, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

Green v. Piazza, 1:11-CV-1456, 2011 WL 3739356 (M.D. Pa. Aug. 23, 2011)

Thus in this case, whether cast as a petition under §2241 or §2254, it is evident that the petitioner has not met the exhaustion requirement required by law. Moreover, Majike Bey has provided no justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Majike Bey's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed.

Finally, beyond this failure to exhaust existing state remedies, we note another fatal flaw in this petition. An assessment of the unexhausted claim advanced in this federal habeas petition strongly suggests that this claim is meritless. In this petition Majike Bey attacks his state prosecutions, arguing that the state courts lacked subject matter jurisdiction because the charges against the petitioner were not brought by indictment following presentation of the evidence to a grand jury. The difficulty with this unexhausted claim is that the premise underlying this argument–an assertion that states are constitutionally mandated to present cases to grand juries–has been flatly rejected by the courts. Thus, it is clear beyond any serious legal dispute that the Fifth Amendment's requirement of indictment by grand jury does not apply to the states, which are free to charge defendants without the necessity of grand jury presentment. See, e.g., Alexander v. Louisiana, 405 U.S. 625, 633 (1972); Hartman v. Lee, 283 F.3d

190, 195 (4th. Cir. 2002); <u>Clanton v. Cooper</u>, 129 F.3d 1147, 1155 (10th. Cir. 1997). Since this claim clearly lacks merit, Majike Bey's petition is both unexhausted and meritless, and should be dismissed.

**III**.    **<u>Recommendation</u>**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED, without prejudice, and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of January 2013.

                                           ***S/Martin C. Carlson***
                                           Martin C. Carlson
                                           United States Magistrate Judge